## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **JAMES CARUTH,** | |
| **Plaintiff,** | Case No. 16 cv 10339 |
| **v.** | Judge Mary M. Rowland |
| **JAQUELINE JANKINS and BRENDA BARNES,** | |
| **Defendants**. | |

## MEMORANDUM OPINION & ORDER

Plaintiff James Caruth ("Caruth") brings this lawsuit against Defendants Jaqueline Jankins and Brenda Barnes alleging a violation of his civil rights under 42 U.S.C. § 1983. Before this Court is Defendants Jankins and Barnes' motion for summary judgment on Count II, the sole remaining count.[1] For the reasons stated below, Defendants' motion [101] is granted.

### A. Background

Caruth is in the custody of the Illinois Department of Corrections (IDOC) and at the time this motion was filed he was confined at Pontiac Correctional Center. His complaint is focused on various dates between November of 2013 and November of 2016, when he was needed in state court on a writ. During those times he would be

---

[1] Caruth originally asserted claims for denial of access to religious services (Count I) and denial of his monthly prisoner stipend (Count III) (R. 59). On July 15, 2019, the court granted summary judgment on Count I and dismissed Count III. (R. 85). Because Sherwin Miles, the acting Warden at Stateville, George Adamson, the prison chaplain, and Darren Hunter, the former Superintendent at the NRC were named only in Count I, judgment was granted in their favor when the court granted summary judgment on Count I.

transferred from his parent institution to Stateville's Northern Reception and Classification Center (widely known as "the NRC")[2] (R. 59 at ¶ 12). During each stay at the NRC, Caruth was placed in what he calls "temporary status," and was therefore denied general population privileges. Defendant Jenkins is a Correctional Officer in the NRC, and Defendant Barnes is a law library assistant. (R. 102 at 1).

## B. Summary judgment standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law controls which facts are material. *Id*. After a "properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 250 (internal quotations omitted).

The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and [] draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018) (internal citation and quotations omitted). In doing so, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chi.*,

---

[2] These transfers took place on the following dates: 6/13-2/19/14, 10/22/14, 12/3/14, 1/21/15-2/4/15, 6/24/15-7/15/15, 8/15-10/15, 12/30/15-2/25/16, 4/14/16-11/28/16. (R. 59 ¶ 14).

829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). "The controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id.* (citation omitted).

## C. Access to the courts

The final count remaining, Count II, alleges that during the periods of time Caruth was at the NRC he was unable to access the law library at Stateville and was limited to the NRC's inferior satellite library. (R. 59 at ¶ 37). This prevented Caruth from being able to work on his post-conviction petition that was pending in Randolph County. (*State of Illinois v. Caruth,* 95 CF 208D 0001 (20th Judicial Circuit, Randolph County IL)) ("Post-Conviction Petition"). According to Caruth, he asked both Jenkins and Barnes that he be allowed "library time at Stateville proper" since the satellite library at the NRC did not have post-conviction materials. (R. 59 at ¶¶ 32-34). Each of these defendants ignored Caruth's requests. (*Id.*). This failure to allow him the access to the materials he needed was a denial of his right of access to the courts under the First, Sixth and Fourteenth Amendment rights.

The Court has established a straightforward two-part test for an inmate who alleges his right of access to the court has been denied. "First, the prisoner must show that prison officials failed to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law…. Second, he must show some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or

delay of plaintiff's pending or contemplated litigation." *Gentry v. Duckworth*, 65 F.3d 555, 558 (7th Cir. 1995) (citations omitted).

In this case, Caruth has not put forward any undisputed facts (or any facts at all) regarding a denial of access to the main Stateville library.[3] However, the Court will accept as true the facts alleged in the Second Amended Complaint that Correctional Officer Jankins and assistant librarian Barnes ignored Caruth's requests to have access to the more complete library in Stateville as opposed to the "satellite" library in the NRC. Even assuming the truth of this, it is undisputed that this did not cause any detriment to Caruth's postconviction matter.

Even assuming Caruth could establish the first part of the two-part test, it is undisputed that Caruth cannot establish that he suffered any detriment. Rather, during the time that he was housed at the NRC, on June 20, 2016, he was able to file his petition for post-conviction relief. (R. 102, Ex. A).[4] After that petition was denied on July 8, 2016, Caruth, still housed at the NRC, filed both a motion to reconsider and a notice of appeal on July 28, 2016. (R. 102, Ex. A). Although the state court rejected his post-conviction petition and his motion for reconsideration, that was not the fault of the Defendants. Caruth was able to access the state court and file his papers in a timely fashion. In response to this record, Caruth responds that he "is unable to establish that Defendants' actions were the proximate cause of [his]

---

[3] The Court granted the parties' agreed motion to suspend Local Rule 56.1 requirements to file a separate statement of undisputed facts. (R. 94).
[4] The authenticity of these state court documents is undisputed. (R. 100).

inability to perfect his appeal in his Randolph County post-conviction matter." (R. 114 at 1).

The state court originally determined that because Caruth "filed both a motion to reconsider and a notice of appeal; the notice of appeal divests this court of jurisdiction." (R. 102, Ex A). That order was entered on August 8, 2016.[5] The state court judge later acknowledged it had made a mistake and on August 2, 2017, the court entered an order stating that, "[o]n July 28, 2016, Defendant filed both a Motion to Reconsider and a Notice of Appeal. This Court did not rule on the Motion to Reconsider because the Court mistakenly believed that the filing of the Notice of Appeal divested jurisdiction in the trial court." (R. 102, Ex. B at 3-4). The Court then proceeded to deny the motion to reconsider. *Id*. This confusion did not prejudice Caruth's case and, more importantly for the present inquiry, cannot be traced to any conduct, alleged or actual, by Defendants. There is no evidence that Caruth's claimed detriment, an unsuccessful post-conviction petition and an inability to properly perfect an appeal of same, was caused by the Defendants.

## D. Conclusion

For the foregoing reasons, the Court grants Defendants' Motion for Summary Judgment. (R. 101). The Clerk is directed to enter judgment in favor of Defendants and against Plaintiff and to terminate this case.

---

[5] Caruth filed the present case on November 3, 2016. (R. 1).

E N T E R :

Dated: May 13, 2020

_____

MARY M. ROWLAND
United States District Judge